## LOUDEN v. SPRANG.

[No. 11,458.   Filed March 30, 1923.]

1. MUNICIPAL CORPORATIONS.— *Use of Streets.— Negligence.— Operating Automobile in Excess of Statutory Speed Limit.—* Driving an automobile at a greater speed than six miles an hour, in violation of §10476c Burns 1914, Acts 1913 p. 779, in going around the corner at a street intersection is *prima facie* evidence of negligence only when the view is obstructed. p. 477.

2. MUNICIPAL CORPORATIONS.—*Use of Streets.—Automobile Collision.— Action for Damages.— Questions of Fact.— Contributory Negligence.—*Even though the driver of an automobile may have been negligent in turning at a street intersection by not keeping to the right of the center of the intersection, and by driving at a greater speed than six miles an hour, in violation of §10476c Burns 1914, Acts 1913 p. 779, it was a question of fact whether such negligence in any way contributed to the injury. p. 477.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Action by Milo J. Sprang against William Louden. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Colerick & Hogan,* for appellant.
*R. Earl Peters,* for appellee.

NICHOLS, C. J.—Action by appellee against appellant to recover damages for injury to an automobile resulting from the collision of appellant's automobile with appellee at the intersection of Fletcher and Maumee avenues. in the city of Fort Wayne.

There was a trial by the court which resulted in a judgment of $500 in favor of appellee.

Appellant, in his points and authorities states that, "the whole question involved in this appeal is that of the sufficiency of the evidence to sustain the decision or judgment of the court."

It is appellant's contention that appellee was guilty of negligence in that he was driving his car at more than six miles per hour in violation of the statute, §10476c Burns 1914, Acts 1913 p. 779, as he turned into Maumee avenue, and that he did not turn to the right of the center of the intersection. Driving more than six miles an hour in going round a corner is *prima facie* evidence of negligence only when the view is obstructed and there is no evidence of such obstruction here. But conceding that appellant's contentions are both correct still it was a question of fact as to whether such negligence in any way contributed to the accident. After hearing the evidence the court found by its general finding either that appellee was not negligent as claimed by appellant, or that such negligence did not contribute to the injury of his automobile for which he seeks damages.

After examining the evidence, including photographic exhibits of the intersection and location, we are not disposed to disturb the judgment of the trial court. Judgment affirmed.